**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JOSEPH N.,

                                        Plaintiff,

            - v -                                              6:24-CV-920
                                                                  (DJS)

COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant.


**APPEARANCES:**                                    **OF COUNSEL:**

JOSEPH N.
Plaintiff *Pro Se*
Rome, New York 13440

SOCIAL SECURITY ADMINISTRATION         VERNON NORWOOD, ESQ.
OFFICE OF GENERAL COUNSEL
Attorney for Defendant
6401 Security Boulevard
Baltimore, Maryland 21235

## <u>MEMORANDUM-DECISION AND ORDER</u>

Plaintiff commenced this action challenging a determination by the Commissioner of Social Security that he was not disabled. Dkt. No. 1. Though originally represented by counsel, Plaintiff's counsel requested leave to withdraw due to health issues. Dkt. Nos. 17 & 21. Plaintiff's counsel advised the Court that he had reached an agreement with another attorney to take over representation of Plaintiff, but that Plaintiff had not responded to counsel about this option. Dkt. No. 21. This Court held a hearing on the motion to withdraw, at which Plaintiff was present, and counsel again noted that an attorney was willing to substitute as counsel. Text Minute Entry for April 23, 2025. The

request to withdraw was granted and the matter stayed so that Plaintiff could consult about retaining counsel. Dkt. No. 22. No counsel appeared on behalf of Plaintiff. Plaintiff was then directed to file a brief addressing the merits of his claims by September 11, 2025. Dkt. No. 23. When Plaintiff did not comply, the Court then *sua sponte* extended that deadline to October 24, 2025. Dkt. No. 25. Plaintiff to date has not filed a merits brief.

Defendant has now moved to dismiss based on Plaintiff's failure to prosecute this matter. Dkt. No. 27. The Court provided Plaintiff notice that a response to the Motion was due February 2, 2026. Dkt. No. 28. That notice has now been returned as undeliverable. Dkt. No. 31. When Plaintiff did not timely respond to the Motion, the Court *sua sponte* extended Plaintiff's deadline to respond to February 27, 2026. Dkt. No 30. That Order was also returned undeliverable. Dkt. No. 32. No response has yet been received from Plaintiff.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action, or to comply with the procedural rules or orders of the court. FED. R. CIV. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962). This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Freeman v. Lundrigan*, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996). The correctness of a dismissal pursuant to Rule 41(b) is determined in light of five factors: (1) whether plaintiff's failure to prosecute or to comply with the court's orders or procedural rules caused a delay of significant duration; (2) whether plaintiff was on notice that failure to

2

prosecute or to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009); *Lucas v. Miles*, 84 F.3d 532, 534-35 (2d Cir. 1996). In making use of this test, "[n]o one factor is dispositive, and ultimately we must review the dismissal in light of the record as a whole." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). Consideration of these factors leads the Court to conclude that dismissal is warranted here.

First, Plaintiff's non-compliance with Court deadlines has significantly slowed the progress of this matter. Plaintiff has been afforded multiple opportunities to address the merits of his claim or to explain why his case should not be dismissed. He has taken advantage of none of those opportunities. As a result, the Commissioner and the Court are unaware of the specific factual or legal arguments on which Plaintiff seeks to overturn the Commissioner's decision. This Court has also been unable to move this case forward.

Plaintiff was put on notice from the outset of this matter that the failure to file a brief could result in dismissal. General Order 18 was provided to Plaintiff and provides: "In the event a plaintiff fails to submit a brief, the defendant may file a motion to dismiss for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b), and the action may be dismissed with prejudice on the basis of the plaintiff's failure to file a brief." Dkt. No. 5 at p. 8. Plaintiff was also specifically put on notice that his failure to respond to

3

this Motion could result in dismissal.  After Plaintiff did not timely respond, this Court *sua sponte* extended his time to do so, but warned:

> **Plaintiff is advised that Defendant's Motion seeks dismissal of his Complaint. If the Motion to Dismiss is granted, the Complaint will be dismissed. Plaintiff's failure to respond to the Motion and justify his failure to prosecute this matter may be viewed as an additional basis on which to grant the Motion.**

Dkt. No. 30 at p. 1 (emphasis in original).

The third factor also favors dismissal.  This action has been pending since July 2024.  The delay of a year and half, when Defendant has complied with all Court deadlines, is presumed to be prejudicial. *Thomas P. R. v. Comm'r of Soc. Sec.*, 2022 WL 293323, at *3 (N.D.N.Y. Feb. 1, 2022); *Saundvallee B. v. Berryhill*, 2019 WL 2210595, at *2 (N.D.N.Y. May 22, 2019).  Plaintiff has been afforded multiple opportunities to demonstrate his willingness to proceed with this matter and have it heard on the merits but has not done so.  Documents served by the Court upon Plaintiff at his last known address have now been returned, Dkt. Nos. 31 & 32, which means the Court is now presented with the additional complication of having no way of contacting Plaintiff to address how to further move this case on the Court's docket.  Finally, this Court has also considered alternative, less drastic sanctions but does not believe any are viable here. Plaintiff was given multiple extensions of time to submit a merits brief but declined to do so.  Proceeding to address this claim on the merits would be impractical since Plaintiff "has provided no guidance – in the Complaint or elsewhere – as to the grounds on which he appeals." *Saundvallee B. v. Berryhill*, 2019 WL 2210595, at *2 (citing cases).  And

4

without a proper address on file, the ability of the Court to engage Plaintiff were an alternative available is now in question.

For the reasons stated herein, it is hereby

**ORDERED**, that Defendant's Motion to Dismiss (Dkt. No. 27) be **GRANTED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order upon the parties to this action. The Clerk shall serve this Order upon Plaintiff at his last known address.

**IT IS SO ORDERED.**

Dated: March 5, 2026
Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

5